## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| _____ )<br>Indian Motorcycle International, )<br>LLC, )<br>                )<br>           Plaintiff )<br>                )<br>v. )<br>                )<br>GearLaunch Inc., and )<br>John Doe d/b/a NatureTee, )<br>                )<br>           Defendants. )<br>_____ ) | Civil Action No. <u>16cv2095 </u><br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff, Indian Motorcycle International, LLC, by way of complaint against Defendants GearLaunch Inc. and John Doe doing business as NatureTee, states and alleges as follows:

## THE PARTIES

1.      Plaintiff Indian Motorcycle International, LLC ("Indian Motorcycle") is a Delaware Limited Liability Company having its principal place of business at 2100 Highway 55, Medina, Minnesota, 55340.

2.      Upon information and belief, Defendant GearLaunch Inc. is a Delaware Corporation with a principal place of business at 234 Front St., 3rd Floor, San Francisco, CA 94111.

3.      Upon information and belief, Defendant John Doe doing business as NatureTee ("Defendant NatureTee" or "NatureTee") is an individual or entity with an unknown address that advertises and sells product through GearLaunch Inc. and its web sites.

4.      Upon information and belief, Defendants have conducted business in Minnesota, including through use of at least the websites gearlaunch.com and www.naturetee.com.

## JURISDICTION AND VENUE

5.      This is an action for counterfeiting, trademark infringement, unfair competition and dilution under the Lanham Act, 15 U.S.C. §§ 1051 et seq.; common law trademark infringement and unfair competition; and state deceptive trade practices and dilution. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.      This Court has personal jurisdiction under the Minnesota Long Arm Statute, Minnesota Statute §543.19, as Defendants have transacted business within the State of Minnesota, have committed acts of infringement within the State of Minnesota, and have injured Plaintiff here in Minnesota.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims occurred in this district, and the Defendants transact business within this judicial district.

## FACTUAL BASIS

8.     Indian Motorcycle is a manufacturer and seller of motorcycles in the United States and around the world.

9.     Since at least as early as 1901, Indian Motorcycle and its predecessors in interest have used the name and mark INDIAN to identify their business and the brand of their motorcycles.  In addition, Indian Motorcycle uses the INDIAN mark in connection with the sale of apparel, including t-shirts.

10.     Indian Motorcycle is also the owner of more than thirty U.S. trademark registrations composed of the term INDIAN in connection with products and services related to its motorcycle business.

11.     Indian Motorcycle's United States trademark registrations include:

| Trademark & Logo | Reg. No. | Goods/Services |
|---|---|---|
|  | 4,501,980 | (Int'l Class: 14) ornamental pins (Int'l Class: 18) wallets; backpacks (Int'l Class: 25) clothing, namely, jackets, shirts, vests, pants, gloves, rain suits, and belts; headwear, namely, hats |
|  | 4,478,922 | (Int'l Class: 18) backpacks; leather key chains; travel bags; duffel bags |

| | | |
|---|---|---|
| | | (Int'l Class: 25)<br>clothing, namely, jackets, shirts, vests, pants, gloves, hats, shoes and boots |
| *Indian* | 3,354,681 | (Int'l Class: 25)<br>clothing, namely, pants, shirts, jackets, shorts, sweaters, [ dresses, skirts, ] underwear, hats, belts [, ties, and shoes ] |
| **INDIAN** | 3,673,330 | (Int'l Class: 25)<br>clothing, namely, boots, t-shirts, sweatshirts, caps, hats, jackets, and sweaters<br>(Int'l Class: 26)<br>ornamental cloth patches |
| *Indian* BRAND | 652,777 | (Int'l Class: 039)<br>men's and boys' [sweaters,] knitted cotton shirts [and bathing trunks] |
| *Indian* | 4,198,942 | (Int'l Class: 12)<br>motorcycles and structural parts therefore; motorcycle saddlebags; leather motorcycle bags<br>(Int'l Class: 14)<br>jewelry; ornamental pins; clocks<br>(Int'l Class: 18)<br>wallets; leather key chains; luggage; travel bags<br>(Int'l Class: 25)<br>clothing, namely, jackets, sweaters, shirts, vests, pants, gloves, chaps, sweatshirts, t-shirts, belts; headwear, namely, caps, hats, skull caps, beanies, knit hats, head bands, and bandanas; footwear, namely, shoes and boots; leather clothing, namely, leather jackets, leather pants, leather chaps, leather gloves, leather shirts, and leather belts<br>(Int'l Class: 28)<br>scale model vehicles; model toy motorcycles; miniature motorcycle replicas |

| | | |
|---|---|---|
| INDIAN MOTORCYCLE | 4,325,612 | (Int'l Class: 09)<br>motorcycle helmets; motorcycle goggles; decorative magnets; luminous signs<br>(Int'l Class: 12)<br>motorcycles and structural parts therefor; motorcycle saddlebags<br>(Int'l Class: 16)<br>posters, pictures, decals, stickers, stationery, postcards, pens, printed paper signs, calendars, brochures about motorcycles and motorcycle accessories, prints in the nature of photographs and pictures<br>(Int'l Class: 25)<br>clothing, namely, footwear, shirts, jackets, hats, gloves, vests, pants<br>(Int'l Class: 28)<br>model toy vehicles, ride-on toys, toy motorcycles; sports bags specially adapted for motorcycle sports equipment |
|  | 4,956,757 | (Int'l Class: 25)<br>clothing, namely, shirts, jackets, pants, gloves, hats and footwear |

(collectively, "the Asserted Marks," "the INDIAN Marks" or "Plaintiff's Marks").

Copies of information relating to Plaintiff's federal registrations for the Asserted Marks and printed from the United States Patent and Trademark Office ("USPTO") website are attached as Exhibit A hereto.

12.     The registrations for the INDIAN Marks were issued in compliance with law. In addition, Registration Nos. 3,354,681 and 3,673,330 are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are therefore conclusive evidence

of the validity of the registrations, Indian Motorcycle's ownership of the registrations, and of Indian Motorcycle's exclusive right to use the marks for the goods and services listed therein pursuant to Sections 7(b) and 15 of the Lanham Act, 15 U.S.C. §1057 and 1065.

13.     Indian Motorcycle has advertised and promoted its INDIAN Marks extensively, and has made substantial sales of its motorcycles and related products including apparel bearing the INDIAN Marks.

14.     The result of these activities is that the Asserted Marks have achieved widespread consumer recognition, making them strong marks entitled to broad protection against infringement.  In addition, Plaintiff's Marks are famous and became famous prior to Defendants' use of the INDIAN Marks in the United States.

15.     Plaintiff's ownership of its Asserted Marks and registrations accord Plaintiff exclusive nationwide rights to the use of the Asserted Marks for its goods and services, and the right to prevent others from making infringing use of the Asserted Marks or any mark confusingly similar thereto.

16.     In addition to the federal registration rights, Plaintiff has common law rights in its Asserted Marks through its use of these marks in connection with the sale of motorcycles and apparel since long before Defendant adopted or used the mark for their goods.

17.   Defendant GearLaunch Inc. owns and operates a website located at gearlaunch.com, through which it offers services for users to create online retail stores and marketplaces to sell goods.

18.   Upon information and belief, users of Defendant GearLaunch Inc.'s website upload design images for Defendant to print onto apparel such as t-shirts for sale. Defendant provides payment processing, shipping, and customer service in connection with sales of the printed apparel.  Defendant GearLaunch Inc.'s services further include apparel design, merchandising, and advertising for users.  A description of Defendant GearLaunch Inc.'s services is attached hereto as Exhibit B.

19.   Upon information and belief, Defendant NatureTee created an online retail store and marketplace called NatureTee, located at the website naturetee.com, on which it produces, promotes and offers for sale a t-shirt product called "Indian Motorcycle – SPIRIT of Munro!" which prominently features Indian Motorcycle's INDIAN Mark.  A copy of a screen shot of a web page appearing on naturetee.com and illustrating Defendant's use of the Asserted Marks are attached hereto as Exhibit C.

20.   Upon information and belief, the Designated Agent for the online retail store and marketplace NatureTee is an individual named Michael Schell, who is Defendant GearLaunch Inc.'s Co-Founder.

21.   Defendants use Plaintiff's INDIAN Marks to sell clothing in competition with Indian Motorcycle's products.  Defendants use Plaintiff's INDIAN Marks to identify

their own products.   However, Plaintiff has no relationship with Defendants and has never authorized Defendants to use Plaintiff's Marks.

22.    Upon information and belief, Defendants have sold at least 511 shirts bearing Indian Motorcycle's INDIAN Mark.  A printout of Defendant NatureTee's web page showing the number count of "Indian Motorcycle – SPIRIT of Munro!" shirts sold is attached hereto as Exhibit D.

23.    Plaintiff sent Defendant NatureTee a letter on May 26, 2016, and demanded that Defendant cease and desist all use of Plaintiff's INDIAN Mark. Plaintiff's letter to Defendant is attached hereto as Exhibit E. Plaintiff sent the letter via both UPS and e-mail to Defendant's e-mail address, support@naturetee.com.  Plaintiff's email to Defendant is attached hereto as Exhibit F.  Plaintiff requested a response by June 6, 2016. Defendant did not respond to the letter.

24.    Upon information and belief, Defendants also promote and offer for sale t-shirts featuring Plaintiff's INDIAN Marks on social media platforms, including Facebook.com.   Indian Motorcycle has submitted takedown requests of Defendants' products on Facebook.com on at least two occasions.  Attached hereto as Exhibit G is Plaintiff's first takedown request submitted to Facebook.com, and Facebook.com's confirmation that it removed Defendant NatureTee's unauthorized posting.  Also attached hereto as Exhibit H is Plaintiff's second takedown request submitted to Facebook.com. Facebook.com thereafter removed the second unauthorized posting.

-8-

25.     Upon information and belief, Defendants were aware of Plaintiff's prior rights in the INDIAN Marks but continue to promote and offer for sale products featuring Plaintiff's INDIAN Marks.

26.     Upon information and belief, Defendants promote and use the INDIAN Marks in Minnesota and nationwide.

27.     Defendants' use of the identical INDIAN Mark in connection with identical products targeted at the identical consumers through the same trade channels as Indian Motorcycle constitutes counterfeiting, trademark infringement and unfair business practices as such use is likely to confuse the relevant consuming public into believing the products of Defendants are affiliated with or sponsored by Indian Motorcycle.

28.     Defendants intend by Defendants' use of the INDIAN Marks to trade off the resounding consumer goodwill of Plaintiff in the INDIAN Marks for products and services related to Plaintiff's motorcycle business.

29.     Upon information and belief, it is Defendants' business practice to trade off the consumer goodwill of trademark owners in their federally registered trademarks. Upon information and belief, Defendants also created an online retail store and marketplace called TeeFunny, located at the website teefunny.com, on which it produces, promotes and offers for sale a product that bears a federally registered trademark owned by Plaintiff's parent corporation.

30.     The confusion caused by Defendants' use of the Asserted Marks has harmed Plaintiff and will continue to do so unless and until they are enjoined.

31.     Defendants are aware of the Plaintiff's prior rights referenced above.

32.     In addition, Plaintiff's registrations have provided constructive notice of the Plaintiff's rights, including through the Plaintiff's use of the ® symbol in connection with its mark.

33.     Defendants have used marks confusingly similar to the Plaintiff's federally-registered Marks in connection with the promotion and/or sale of goods identical to the goods of the Plaintiff without the consent of the Plaintiff in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods.

34.     Defendants have used marks confusingly similar to the Plaintiff's federally-registered Marks in connection with the promotion and/or sale of goods identical to the goods of the Plaintiff without the consent of the Plaintiff in a manner which is causing actual confusion, mistake, and deceiving as to source or origin.

## COUNT I

## FEDERAL COUNTERFEITING

35.     Plaintiff repeats and realleges paragraphs 1-34 above.

36.     This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1117.

37.     Defendants have used a spurious mark which is a counterfeit of, identical with, or substantially indistinguishable from, Plaintiff's federally registered INDIAN Marks.

-10-

38.     Defendants have used the mark knowing that they are counterfeit in connection with the promotion and/or sale of goods identical to the goods of the Plaintiff without the consent or authorization of the Plaintiff, in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods.

39.     Defendant's unauthorized use of Plaintiff's INDIAN Marks is likely to mislead and cause customers and/or the general public to believe that the Defendants' goods are produced by or under the authority of Plaintiff.

40.     Defendants' actions constitute counterfeiting under 15 U.S.C. § 1114.

41.     Plaintiff's goodwill in its name and its Asserted Marks will be irreparably harmed if Defendants continue their actions.

42.     Upon information and belief, Defendants intentionally used Plaintiff's INDIAN Mark, knowing such mark is a counterfeit mark, in connection with the promotion and/or offers for sale of goods identical to the goods of Plaintiff.  Pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b), Plaintiff is entitled to recover treble profits or damages, whichever amount is greater, together with a reasonable attorney's fee.

43.     Pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), Plaintiff is entitled to recover, in lieu of actual damages and profits under § 1117(a), statutory damages for Defendants' use of a Plaintiff's INDIAN Mark, a counterfeit mark, in connection with the promotion and/or offers for sale of goods identical to the goods of

Plaintiff.  Plaintiff reserves its right to elect an award of statutory damages of "(1) not less than $1000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers Just."  15 U.S.C. § 1117(c).

44.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT

45.     Plaintiff repeats and realleges paragraphs 1-44 above.

46.     This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1117.

47.     Defendants have used Plaintiff's federally registered INDIAN Marks in connection with the promotion and/or sale of goods identical to the goods of the Plaintiff without the consent or authorization of the Plaintiff in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods.  These activities have led to and are likely to lead to confusion in the marketplace.  Defendants' use of the INDIAN Marks is likely to mislead and cause customers and/or the general public to believe that the Defendants' goods are produced

by or under the authority of Plaintiff.  Defendants' use of the INDIAN Marks infringes Plaintiff's rights in its federally registered Marks.

48.     Plaintiff's goodwill in its name and its Asserted Marks will be irreparably harmed if Defendants continue their actions.

49.     Defendants' actions constitute trademark infringement under 15 U.S.C. § 1114.

50.     Upon information and belief, Defendants' actions were taken in willful, deliberate and intentional disregard to Plaintiff's rights.  This case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

51.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT III

## FEDERAL UNFAIR COMPETITION

52.     Plaintiff repeats and realleges paragraphs 1-51 above.

53.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 - 1127 and 15 U.S.C. § 1125(a).

54.     Defendants' use of the INDIAN Marks in connection with the promotion and/or sale of goods identical to the goods of Indian Motorcycle without the consent of Indian Motorcycle is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Defendants' goods among purchasers and/or users of those goods.

Defendants' use of the INDIAN Marks infringes Plaintiff's rights in its federally registered mark and common law trademarks.

55.    Defendants' acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

56.    Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

<u>COUNT IV</u>

<u>FEDERAL TRADEMARK DILUTION</u>

57.    Plaintiff repeats and realleges paragraphs 1-56 above.

58.    This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. § 1125(c).  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

59.    Plaintiff's Marks are famous and became famous prior to Defendants' first use of its INDIAN Marks in the United States.

60.    Defendants have used, in commerce, after Plaintiff's Marks became famous, marks which cause dilution of the distinctive quality of Plaintiff's famous Marks.

61.    Plaintiff's goodwill in its name and its Asserted Marks will be diluted and irreparably harmed if Defendants continue their actions.

62.    Defendants' actions constitute trademark dilution under 15 U.S.C. § 1125(c).

63.     Upon information and belief, Defendants' continued actions have been willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous Marks.

64.     Plaintiff has been damaged by the actions of the Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT V

## STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

65.     Plaintiff repeats and realleges paragraphs 1-64 above.

66.     This cause of action arises under Minnesota's law of trademark infringement and unfair competition.

67.     Defendants' activities complained of constitute infringement of Plaintiff's common law rights in the state of Minnesota, and unfair competition.

68.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.

69.     If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT VI

## DECEPTIVE TRADE PRACTICES ACT

70.     Plaintiff repeats and realleges paragraphs 1-69 above.

71.     This cause of action arises under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq.  Jurisdiction is founded on 28 U.S.C. § 1338 or, alternatively, upon principles of supplemental, pendent, and/or ancillary jurisdiction.

72.     Defendants' activities complained of constitute violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq.

73.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.

74.     If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

75.     Pursuant to Minn. Stat. §§ 8.31 and 325D.45, Plaintiff is entitled to recover its costs and attorneys' fees.

## COUNT VII

## UNLAWFUL TRADE PRACTICES ACT

76.     Plaintiff repeats and realleges paragraphs 1-75 above.

77.     The cause of action set forth herein arises under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.  Jurisdiction is founded on 28 U.S.C. § 1338 or, alternatively, upon principles of supplemental, pendent, and/or ancillary jurisdiction.

78.     Defendants' activities complained of constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.

79.    Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.

80.    If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

81.    Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, Plaintiff is entitled to recover its costs, disbursements, and reasonable attorneys' fees.

## COUNT VIII

## STATE TRADEMARK DILUTION

82.    Plaintiff repeats and realleges paragraphs 1-81 above.

83.    This cause of action arises under Minnesota's law of trademark infringement under Minn. Stat. § 325D.09 et seq.  Jurisdiction is founded upon 28 U.S.C. §§ 1332 and 1338 or alternatively, under supplemental jurisdiction as stated in 28 U.S.C. § 1367 or upon principles of pendent and/or ancillary jurisdiction.

84.    Defendants' activities complained of constitute violations of Minn. Stat. § 325D.09 et seq.

85.    Plaintiff's Marks are famous.

86.    Defendants have used, in commerce, after Plaintiff's Marks became famous, marks which cause dilution of the distinctive quality of Plaintiff's famous Marks.

87.    Plaintiff's goodwill in Plaintiff's Marks will be diluted and irreparably harmed if Defendants continue their actions.

88.     Plaintiff has been damaged by the actions of the Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## JURY DEMAND

89.     Plaintiff requests that a jury be used to decide this case.

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

A.     Preliminarily and permanently enjoining and restraining the Defendants and Defendants' directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants:

1.     from using in any way the Asserted Marks, the name INDIAN or any other marks or names that contain the wording "INDIAN" or any other marks, words or names confusingly similar to Plaintiff's marks as the name or mark for any of Defendants' goods or services;

2.     from committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to Plaintiff's Marks;

3.     from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off services which are not Plaintiff's goods as those of Plaintiff;

4.     from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to

the Defendants' goods or services bearing the INDIAN Marks, the words INDIAN in the mark or name, and any other mark, word, or name confusingly similar to Plaintiff's Marks;

5.      from making any statements on promotional materials or advertising for the Defendants' goods or services which are false or misleading as to being an authorized distributor of Plaintiff or any of Plaintiff's subsidiaries;

6.      from making any statements on promotional materials or advertising for the Defendants' goods or services which are false or misleading as to source or origin; and;

7.      from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

B.      requiring that the Defendants deliver up to Plaintiff any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way use or make reference to the INDIAN Marks or the name INDIAN in connection with Defendants' goods or services.

C.      requiring that Defendants, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the

manner in which Defendants have complied with the Court's order pursuant to paragraphs A - B above.

D.      requiring Defendants to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendants' profits, statutory damages, attorneys' fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E.      Awarding Plaintiff such other relief as the Court may deem just and proper.

                              INDIAN MOTORCYCLE
                              INTERNATIONAL, LLC

                              By its attorneys,

Date: June 23, 2016          *s/ Scott W. Johnston*_____
                              Scott W. Johnston (Reg. No. 247,558)
                              Linhda Nguyen (Reg. No. 397,262)
                              **MERCHANT & GOULD P.C.**
                              3200 IDS Center
                              80 South Eighth Street
                              Minneapolis, Minnesota 55402-2215
                              Telephone:  (612) 332-5300
                              Email: sjohnston@merchantgould.com
                              Email: lnguyen@merchantgould.com